

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**ROCK HILL DIVISION**

| | |
|---|---|
| ROBIN LEE LEGG,<br>　　　　　Plaintiff,<br><br>vs.<br><br>PETERBILT OF ATLANTA, LLC, and<br>TIMOTHY EARL ADAMS,<br>　　　　　Defendants. | §<br>§<br>§<br>§<br>§ Civil Action No.: 0:23-4534-MGL<br>§<br>§<br>§<br>§ |

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION TO REMAND**
**AND DENYING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS**

### I.   INTRODUCTION

Plaintiff Robin Lee Legg (Legg) filed this negligence lawsuit against Defendants Peterbilt of Atlanta, LLC, and Timothy Earl Adams (collectively, Defendants), in the Fairfield County Court of Common Pleas.  Defendants subsequently removed the case to this Court, claiming it has diversity jurisdiction over the matter in accordance with 28 U.S.C. § 1332.

Pending before the Court is Legg's motions to remand and for attorney fees and costs. Having carefully considered the motions, the response, the notice of removal, the record, and the applicable law, it is the judgment of the Court Legg's motion to remand will be granted and her motion for attorney fees and costs will be denied.

1

## II.  FACTUAL AND PROCEDURAL HISTORY

Legg alleges she was injured in a motor vehicle accident causing her to "suffer[] painful and traumatic injuries throughout her body."  Complaint ¶ 17.  Further, she claims to have "incurred, and will continue to incur in the future, medical expenses, and has suffered, and will continue to suffer damages, such as physical and mental pain and suffering, emotional anguish, lost wages, and a loss of enjoyment of life, along with considerable medical bills and inconvenience." *Id*. ¶ 18.

At the time of filing the complaint, Legg stated the amount in controversy as being "$75,000.00 or less." *Id*. ¶ 5.

Before removing the case to this Court, Defendants proposed a stipulation agreement to Legg, asking her to consent to the amount in controversy of this case being less than $75,000.  Legg refused.

Although Legg continues to undergo treatment for her injuries, she maintains her current medical expenses are below $5,000.  Motion to Remand, Exhibit 2, at 1.  After Defendants removed the matter, Legg filed these motions to remand and for attorney fees, and Defendants responded.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

## III.  STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction.  "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a)(1).

Federal courts have original jurisdiction over two types of cases: federal questions under 28 U.S.C. § 1331, and diversity actions in accordance with 28 U.S.C. § 1332.

Federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Id.* § 1331. Moreover, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." *Id.* § 1332(a)(1).

"Because removal jurisdiction raises significant federalism concerns, [a court] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). "If federal jurisdiction is doubtful, a remand is necessary." *Id.* "The burden of establishing federal jurisdiction is placed upon the party seeking removal." *Id.*

Further, when considering a motion to remand, the Court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.*, 855 F.2d 1160, 1163–64 (5th Cir. 1988). "[F]ederal jurisdiction . . . is fixed at the time the . . . notice of removal is filed." *Dennison v. Carolina Payday Loans, Inc.*, 549 F.3d 941, 943 (4th Cir. 2008).

"Jurisdictional rules direct judicial traffic. They function to steer litigation to the proper forum with a minimum of preliminary fuss." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999). The Court is "obliged to construe removal jurisdiction strictly because of the 'significant federalism concerns' implicated." *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting *Mulcahey*, 29 F.3d at 151). "If federal jurisdiction is doubtful, a remand [to state court] is necessary.'" *Mulcahey*, 29 F.3d at 151.

3

IV.     **DISCUSSION AND ANALYSIS**

   A.     *Whether the Court should grant Legg's motion to remand*

The Court's consideration of Legg's motion to remand involves determining whether diversity jurisdiction exists in this case.  The parties fail to dispute the parties' diversity of citizenship.  Thus, the critical question before the Court is whether removal was proper based on the amount in controversy.

Legg argues diversity jurisdiction over this matter is improper because Defendants are unable to show the amount in controversy is greater than $75,000.  Conversely, Defendants insist the amount in controversy exceeds $75,000 because of Legg's alleged injuries, actual and punitive damages, and the fact Legg refused to stipulate damages are less than $75,000.

"When a plaintiff's complaint leaves the amount of damages unspecified, the defendant must provide evidence to show what the stakes of litigation are given the plaintiff's actual demands." *Scott v. Cricket Commc'ns, LLC*, 865 F.3d 189, 194 (4th Cir. 2017) (citation omitted) (internal quotation marks omitted) (alterations omitted).  And, a defendant's notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Legg's complaint fails to specify the amount of damages sought.  At this early stage of the case, the parties have yet to commence discovery, which will elucidate damages.  Nor has Legg sent a demand letter.

As the Court noted earlier, Legg's complaint alleges actual damages in the form of physical and mental pain and suffering, emotional anguish, lost wages, and a loss of enjoyment of life, considerable medical bills, and inconvenience.  Legg highlights the expectation for these damages to continue to accrue in the future.  Legg, again, is also seeking punitive damages.

4

These allegations, which lack specific monetary figures, fail to allow for any accurate estimation of the amount of damages. The only specificity in the record as to the total amount in controversy stems from Legg's complaint, which claims the amount in controversy is below $75,000. That, and a subsequent email to Defendants in which Legg's counsel discloses current medical expenses are below $5,000. Motion to Remand, Exhibit 2, at 1.

Although Defendants' notice of removal states this Court has original jurisdiction because "the matter in controversy between the Plaintiff and Defendants, exclusive of interest and costs, exceeds the sum or value of Seventy-Five Thousand and No/100 ($75,000.00) Dollars," Notice of Removal ¶ 7, they failed to provide any concrete allegations or evidence in support of this conclusion.

Moreover, the Court is unpersuaded Legg's refusal to stipulate the amount of damages is less than $75,000 establishes the amount in controversy requirement is met. As then-district Judge Henry F. Floyd opined when presented with a similar situation, "[t]he reality is that cases often evolve as they progress through litigation and the parties acquire more information pertaining to their claims and defenses." *Bell v. Qwest Communications Intern., Inc.*, No. 8:11–cv–00037–HFF, 2011 WL 2601566, at *5 (D.S.C. June 30, 2011).

"Requiring plaintiffs at the outset of litigation to enter into a binding stipulation regarding damages could seriously handicap them as the case progresses." *Id.* "As a result, it is understandable that, despite believing in good faith that their claims do not exceed the jurisdictional amount, many plaintiffs would decline to enter into such a binding stipulation." *Id.*

Judge Floyd then went on to add this: "A plaintiff's refusal to stipulate to maximum damages does not establish the claim exceeds $75,000. At best, it provides a tenuous and hypothetical inference." *Id.*

5

The Court agrees with Judge Floyd's reasoning.  Assuming jurisdiction in this case would betray the Court's duty to resolve doubt in favor of remand.  *See Mulcahey*, 29 F.3d at 151 ("If federal jurisdiction is doubtful, a remand is necessary.").  "After all, this Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may . . . be met now or at some point in the future." *Martinez v. Sarratt*, No. 3:20-cv-0744-MGL 2020 WL 1892357, at *6 (D.S.C.  April 16, 2020).

Legg shared these cases with Defendants in arguing a failure to stipulate was inconsequential as to the question of the Court's diversity jurisdiction.  Motion to Remand, Exhibits 2 and 3.  But Defendants ignored this relevant case law and insisted on removal being proper.

Defendants also seem to suggest Legg's request for punitive damages means the jurisdictional threshold is satisfied.  They cite to what they evidently think to be persuasive authority for this proposition.  *See*, *e.g.*, *Zuber v. Goodyear Tire & Rubber Co.*, No. 3:19-cv-0015, 2019 WL 4439431, at *2 (D.S.C. Sept. 17, 2019) (holding Plaintiff's prayer for actual and punitive damages after sustaining serious injuries and resulting medical expenses satisfied the jurisdictional threshold); *Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-cv-01739, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011) (holding Plaintiff's "request for punitive damages alone, which are properly considered for purposes of determining the amount in controversy, makes it difficult for [Plaintiff] to prove she could not possibly recover the jurisdictional limit were she to prevail at trial").

The Court, respectfully, concludes this supposedly persuasive authority is actually unpersuasive.  Followed to its logical conclusion, adopting Defendants' argument would mean, anytime a plaintiff pleads punitive damages, the $75,000 jurisdictional requirement is

automatically met.  But, the Court has been unable to find, and Defendants have neglected to provide, any controlling authority saying that to be the case.  Thus, the Court rejects this argument.

Consequently, because Defendants fail to demonstrate the amount in controversy exceeds $75,000, the Court lacks diversity jurisdiction over this matter.  As such, the Court will grant Legg's motion to remand.

### B.     *Whether the Court should grant Legg's motion for attorney fees and costs*

Legg posits Defendants lacked an objectively reasonable basis for removal as evidenced by the complaint announcing the amount in controversy was $75,000 or less when filed, Legg's medical expenses being less than $5,000, and Defendants' barebones notice to establish the jurisdictional threshold.  Defendants, on the other hand, maintain they had an objectively reasonable basis for seeking removal, and so should be excused from paying attorney fees and costs.

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "[T]he standard for awarding fees should turn on the reasonableness of the removal.  Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Although Defendants lacked evidence regarding damages at this stage of the case, other courts have held the jurisdictional threshold was met under similar circumstances.  Accordingly, the Court determines Defendants had a reasonable basis to assert diversity jurisdiction.

The Court will therefore deny Legg's motion for attorney fees and costs.

7

The Court has reviewed the correspondence, which it referenced above, between counsel on the stipulation-of-damages issue. The Court would be remiss if it failed to comment on the evident cavalier attitude of Defendants toward the decisions of at least two current and two former judges in this District on this subject. In those cases, those Courts held a plaintiff's refusal to sign a stipulation of damages fails to show the $75,000 jurisdictional requirement has been met. Plaintiff made Defendants aware of those decisions, but they moved forward with their stipulation-of-damages argument anyway.

This Order shall serve as notice to the defense bar: Going forward, when a defendant files a notice of removal based on the plaintiff's refusal to sign a stipulation of damages as evidence of the Court's jurisdiction, after the plaintiff makes them aware of this and the other opinions in this district holding that to be an improper basis for removal, the Court may well conclude the defendant lacked an "objectively reasonable basis for seeking removal[,]" *id*., and consider a properly filed motion for attorney fees.

V.   CONCLUSION

For the reasons stated above, Legg's motion to remand the complaint is **GRANTED** and her motion for attorney fees and costs is **DENIED**.

  **IT IS SO ORDERED.**

Signed this 18th day of April 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE